UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSHUA BONADONA** | **CASE NO. 1:18-cv-00224** |
| **VERSUS** | **JUDGE DRELL** |
| **LOUISIANA COLLEGE,<br>RICK BREWER AND<br>RSUI INDEMNITY COMPANY** | **MAG. JUDGE HORNSBY** |

## SECOND AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Joshua Bonadona ("Mr. Bonadona") who respectfully submits this *Second Amended Complaint* and avers as follows:

1.

Mr. Bonadona brings this action under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981.

2.

Made defendants herein and liable unto Mr. Bonadona are the following:

1. Louisiana College, a Louisiana non-profit corporation located at 1140 College Drive, Pineville, Louisiana 71359;

2. Dr. Rick Brewer ("Dr. Brewer"), an individual of the full age of majority residing in Louisiana; and

3. RSUI Indemnity Company., a foreign insurance company, authorized to do and is doing business in Louisiana.

1

*Jurisdiction and Venue*

3.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

4.

Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) and (2) because both Louisiana College and Dr. Brewer reside in this district. Additionally, the events giving rise to this lawsuit, the Defendants' discriminatory conduct, occurred within this district.

*Statement of Facts*

5.

Mr. Bonadona was born in Baton Rouge, Louisiana into a Jewish family. Mr. Bonadona was raised both culturally and religiously as a member of the Jewish community. Mr. Bonadona's mother is Jewish, both racially and religiously.

6.

After Mr. Bonadona graduated high school in 2008, he attended Southeastern Louisiana University for one year, then transferred to Louisiana College to continue his studies and to play football for Louisiana College.

7.

After arriving at Louisiana College, Mr. Bonadona earned a position on the school's football team as a kicker and on the punt block team.

8.

While attending Louisiana College as a student, Mr. Bonadona converted to Christianity.

9.

As a student and football player at Louisiana College, Mr. Bonadona often led the football team's Christian devotional.

10.

Mr. Bonadona made it known to the football team and then head coach Dennis Dunn that he had converted to Christianity.

11.

While Mr. Bonadona was playing football for Louisiana College, Mr. Bonadona's family, chiefly his mother, became active supporters of Louisiana College and its football team. It was a widely known fact that Miriam Bonadona was Jewish and that Mr. Bonadona was of Jewish heritage.

12.

Mr. Bonadona graduated from Louisiana College in December of 2013.

13.

In or about August of 2013, Louisiana College hired Mr. Bonadona as an assistant football coach as a co-special teams coordinator and assistant defensive backs coach.

14.

In or about June of 2015, Mr. Bonadona resigned from his employment with Louisiana College to pursue his graduate degree and a football coaching position at Southeast Missouri State University.

15.

In or about April of 2017, the head coach for Louisiana College's football team, Dennis Dunn, resigned and Louisiana College hired Justin Charles to be the new head coach for its football team.

16.

After being named the head coach of the football team of Louisiana College, Justin Charles reached out to Mr. Bonadona about returning to Louisiana College as a defensive backs coach for the team.

17.

Mr. Bonadona was excited about the opportunity and on May 8, 2017 submitted an application for the position of Assistant Football Coach—defensive backs (hereinafter the position applied for by Mr. Bonadona is referred to as "the Defensive Backs Coach"), all as more fully shown as Exhibit A attached hereto and made a part hereof.

18.

In Mr. Bonadona's application to be the Defensive Backs Coach, he identified himself as a member of the Baptist denomination of Christianity.

19.

On or about May 10, 2017, Mr. Bonadona had an in-person interview for the Defensive Backs Coach position with Dr. Brewer and Justin Charles.

20.

During the interview, Dr. Brewer asked Mr. Bonadona about his parents' religious affiliations, to which Mr. Bonadona replied that his father was Catholic and mother was Jewish.

21.

During the interview, Mr. Bonadona repeatedly made it clear that he was a practicing member of the Christian faith.

22.

Head Coach Justin Charles made a full recommendation for Louisiana College to hire Mr. Bonadona for the coaching position. Justin Charles told Mr. Bonadona that the position was his and only needed to get final approval of Dr. Brewer as a formality.

23.

Mr. Bonadona was the highest qualified candidate for the Defensive Backs Coach position.

24.

Justin Charles only recommended Mr. Bonadona for the position. He recommended no other candidates for that position.

25.

After the interview, Mr. Bonadona returned to Missouri and based upon the assurances from Justin Charles that Mr. Bonadona was going to be hired, Mr. Bonadona submitted his resignation to Southeastern Missouri State University.

26.

Approximately a week after Mr. Bonadona's interview, Justin Charles called Mr. Bonadona and informed him that, despite the recommendation to Dr. Brewer, Louisiana College had decided not to hire Mr. Bonadona because of his "Jewish descent." Mr. Bonadona asked Justin Charles what that meant, and Justin Charles stated that Dr. Brewer refused to approve Mr. Bonadona's hiring because of what Dr. Brewer called Mr. Bonadona's "Jewish blood."

27.

Dr. Brewer's and Louisiana College's decision not to hire Mr. Bonadona based upon his Jewish heritage was made on behalf of Louisiana College.

28.

On information and belief, Louisiana College has over 200 employees.

***Violations of Mr. Bonadona's Civil Rights***

29.

42 U.S.C. §2000e-2 prohibits an employer to fail or refuse to hire any individual because of such individual's race.

30.

Louisiana College and Dr. Brewer failed or refused to hire Mr. Bonadona because of his Jewish heritage. The Defendants' failure or refusal to hire Mr. Bonadona was not based upon Mr. Bonadona's religious beliefs because Mr. Bonadona is a practicing member of the Baptist faith.

31.

People of Jewish heritage are protected as a distinct race under Title VII of the Civil Rights Act of 1964. *Sharre Tefila Congregation v. Cobb*, 481 U.S. 615 (1987). As such, employment discrimination against an individual based upon his Jewish ethnic heritage is prohibited under 42 U.S.C. 2000e-2.

32.

Dr. Brewer is the President of Louisiana College. Accordingly, Dr. Brewer's discriminatory conduct at issue in this matter was performed in his course and scope of employment with Louisiana College. Louisiana College is liable under 42 U.S.C. 2000e-2 to Mr. Bonadona for the discriminatory conduct at issue in this matter.

33.

Louisiana College and Dr. Brewer did not fill the Defensive Backs Coach position until after the 2017 football season. On information and belief, Louisiana College and Dr. Brewer hired Reggie Calhoun, an African American male. Mr. Calhoun is less qualified than Mr. Bonadona for the Defensive Backs Coach position.

34.

Because of Louisiana College's and Dr. Brewer's discriminatory actions, Mr. Bonadona was forced to take a less desirable position at Hendrix College in Arkansas for less money and fewer employment benefits.

35.

Due to the discriminatory conduct of Louisiana College and Dr. Brewer, Mr. Bonadona has suffered mental and emotional anguish, inconvenience, and embarrassment.

36.

Mr. Bonadona seeks recovery of all available damages from Louisiana College and Dr. Brewer, including backpay, lost future earning capacity, lost benefits, costs associated with obtaining a new job, general damages, punitive damages, reasonable attorney's fees, and costs.

37.

On May 30, 2017, Mr. Bonadona filed a charge with the EEOC. On February 15, 2018, the EEOC issued a Notice of Right to Sue letter to Mr. Bonadona, all as more fully shown as Exhibit B, attached hereto and made a part hereof. Mr. Bonadona has exhausted all of his administrative remedies, and this matter is ripe for judicial intervention.

***Violations of 42 U.S.C. §1981***

38.

Mr. Bonadona incorporates by reference all of the previous allegations.

39.

42 U.S.C. §1981 provides that all persons within the jurisdiction of the United States shall have the same right to make and enforce contracts.

40.

Mr. Bonadona is a member of a racially protected class of people—the Jewish people.

41.

Mr. Bonadona was qualified for the position of Defensive Backs Coach because he had previously coached that position for Louisiana College and has several years of experience coaching football, both at Louisiana College and Southeast Missouri State University. Mr. Bonadona received the sole recommendation of Justin Charles.

42.

Despite Mr. Bonadona's qualifications, Defendants rejected him for the position solely because of his "Jewish descent" and Jewish racial identity.

43.

On May 22, 2017, Mr. Bonadona sent a text message to Justin Charles to confirm his understanding that Mr. Bonadona was denied the Defensive Backs Coach position because of his Jewish ancestry. Justin Charles responded via text message with the following: "Yes sir that's correct details. Just make sure that you say 'through the Athletic Director, Rick Brewer said that he will not move forward with hiring the young man of Jewish descent' That makes it not just my word versus his, it brings the 3rd party in there that he also told." All as more fully shown as Exhibit C attached hereto and made a part hereof.

44.

The Defensive Backs Coach position remained open from May of 2017 through approximately January of 2018, including through the entire 2017 football season.

45.

Dr. Brewer was personally involved in the intentional discrimination against Mr. Bonadona in that it was his personal direction to refuse to hire Mr. Bonadona because of Mr. Bonadona's Jewish ancestry.

46.

On information and belief, Louisiana College and Dr. Brewer maintained a Directors and Officers Liability insurance policy with RSUI Indemnity Company bearing policy number HP671803. This policy was in full force and effect in May of 2017.

47.

The policy issued to Louisiana College and Dr. Brewer by RSUI Indemnity Company provides coverage for the actions alleged herein, and as such, RSUI Indemnity Company is solidarily liable with Louisiana College and Dr. Brewer.

WHEREFORE, Plaintiff, Joshua Bonadona, prays that there be service and citation upon the Defendants and that after all legal delays and proceedings that there be judgment rendered in favor of the Plaintiff and against Defendants, Louisiana College , Dr. Rick Brewer, and RSUI Indemnity Company, *in solido*, for Mr. Bonadona's backpay, lost future earning capacity, lost employment benefits, costs

associated with obtaining a new job, mental and emotional anguish, punitive damages, reasonable attorney's fees, and costs. Plaintiff also prays for any and all other relief to which he may be entitled at law or in equity.

Respectfully Submitted:

**The Bullman Law Firm, LLC**

/s/ James R. Bullman
James R. Bullman (La. Bar Roll No. 35064)
201 St. Charles Street
Baton Rouge, LA 70802
Telephone: (225) 993-7169
Facsimile: (225) 387-3198
Email: james@thebullmanlawfirm.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 12, 2018, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system

/s/ *James R. Bullman*
James R. Bullman